JMR (AD)/2018R00433

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 21-524 (JHR) |
| v. | : | |
| JOHN GRIER, III | : | 18 U.S.C. §§ 242 and 1519 |

## INDICTMENT

The Grand Jury in and for the District of New Jersey, sitting at Camden, charges:

## COUNT 1
## [18 U.S.C. § 242 – Deprivation of Rights Under Color of Law]

Background

1. At all times relevant to this Indictment:

    a. The City of Bridgeton Police Department ("BPD") was a duly constituted police agency responsible for providing law enforcement services to serve and protect the community of Bridgeton, New Jersey. BPD Officers were authorized by the State of New Jersey to make lawful arrests. BPD equips its uniform patrol officers with, among other things, two types of Oleoresin Capsicum ("OC") spray (also referred to as "mace" or "pepper spray"); a small canister which is kept on the officer's duty belt and a large canister which is designed for crowd control and kept in the officer's patrol vehicle.

    b. Defendant JOHN GRIER, III was a resident of Cedarville, New Jersey. On or about August 2, 2004, defendant GRIER was sworn in as

an BPD Officer. On June 18, 2017, defendant JOHN GRIER, III was working in his official capacity as a BPD Officer, in uniform, driving a marked patrol vehicle.

    c.    Victim #1 was a 55-year old male who resided in Salem County, New Jersey.

    d.    BPD Officers #1 and #2 were BPD officers who were working in their official capacity and participated in the apprehension of Victim #1.

The Offense

2.    On June 18, 2017, BPD Officers were dispatched to a gas station in the City of Bridgeton, New Jersey to investigate individuals sitting in a car causing a disturbance.

3.    BPD Officer #1 arrived and found a car parked at the gas pumps and Victim #1 sitting in the driver's seat of the car with a passenger. Both men appeared to be intoxicated.

4.    Defendant JOHN GRIER, III responded to the gas station as a backup officer.

5.    While BPD Officer #1 was preparing a summons to issue to Victim #1, Victim #1 attempted to get out of the vehicle in which he had been sitting. Defendant JOHN GRIER, III while holding a small can of OC spray, told him to, "Stay in the vehicle or I am going to spray you."

6.    After an investigation, Victim #1 and the passenger were issued summonses and defendant JOHN GRIER, III left the scene.

7. A short time later, BPD Officer #2 radioed for defendant JOHN GRIER, III to return to the gas station, as Victim #1 and the passenger were out of the car and Victim #1 was behaving belligerently.

8. Defendant JOHN GRIER, III returned to the gas station and got out of his patrol vehicle holding a large can of OC spray. Defendant GRIER ordered Victim #1 and the passenger to get back into their car.

9. Victim #1 got back into his car and then drove to the side of the gas station.

10. Defendant JOHN GRIER, III and BPD Officers #1 and #2 followed Victim #1, intending to arrest him for driving while under the influence of alcohol.

11. BPD Officers #1 and #2 confronted Victim #1 as he got out of his car at the side of the gas station and placed Victim #1 in handcuffs without incident.

12. Defendant JOHN GRIER, III got out of his patrol vehicle with the large can of OC spray. Defendant GRIER told BPD Officer #2 to, "Step back." Defendant GRIER asked Victim #1, "Do you want to feel pain, sir?" while holding the large can of OC spray at arm's length pointed at Victim#1's face.

13. As BPD Officer #2 attempted to place a handcuffed Victim #1 into the rear of his patrol vehicle, defendant JOHN GRIER, III, without cause, sprayed Victim #1 in the face with his large can of OC spray.

14. As a result of being sprayed, Victim #1 doubled over. BPD Officer #2 pulled Victim #1 up and placed him on the edge of his police SUV's rear passenger seat. Without provocation, defendant JOHN GRIER, III sprayed Victim #1 in the face with his OC spray a second time. Defendant GRIER asked Victim #1 "There. How do you like it now? Now get in the God d\*\*n car!" Defendant GRIER then shoved Victim #1 into the police vehicle.

The Charge

15. On or about June 18, 2017, in Cumberland County, in the District of New Jersey, and elsewhere, defendant

JOHN GRIER, III

while acting under color of law, unlawfully sprayed Victim #1 in the face with Oleoresin Capsicum ("OC") spray (also referred to as "mace" or "pepper spray") while Victim #1 was in handcuffs and under the control of another police officer, and shoved Victim #1 into a police vehicle, thereby willfully depriving Victim #1 of the right, secured and protected by the Constitution and laws of the United States, that is, the right to be free from unreasonable seizure by one acting under color of law, which includes the right to be free from the use of unreasonable force. The offense resulted in bodily injury to Victim #1.

In violation of Title 18, United States Code, Section 242.

## COUNT 2
## [18 U.S.C. § 1519 – Falsification of Records in a Federal Investigation]

1. Paragraphs 1 through 14 of Count 1 of this Indictment are incorporated as if set forth in full herein.

2. The use of excessive force by a person acting under color of law, statute, ordinance, or regulation is a matter within the jurisdiction of the Federal Bureau of Investigation ("FBI"), which is an agency within the United States Department of Justice.

3. On or about June 19, 2017, defendant JOHN GRIER, III wrote a false Supplemental Police Report in order to falsely justify the force used against Victim #1 and to obstruct any investigation into the deprivation of Victim #1's right to be free from unreasonable seizure by one acting under the color of law, which includes the right to be free from the use of unreasonable force.

4. As part of that report, defendant JOHN GRIER, III falsely stated that Victim #1 "refused [to enter the police vehicle] and continued to forcefully remain outside the vehicle[.]"  Also, in an effort to falsely justify his use of the OC spray, defendant GRIER falsely stated that the reason he sprayed Victim #1 a second time was that the "spray did not strike [Victim #1] in the face and that it did not take immediate effect . . ."

5. On or about June 19, 2017, in Cumberland County, in the District of New Jersey, and elsewhere, defendant

JOHN GRIER, III,

while acting in relation to and in contemplation of a matter within the jurisdiction of the FBI, an agency of the United States, knowingly falsified, concealed, covered up and made false entries in a Bridgeton Police Department Supplemental Police Report about the June 18, 2017 incident involving Victim #1, with the intent to impede, obstruct, and influence the investigation and proper administration of that matter; that is, defendant authored and submitted a false and misleading official incident report, in order to create a false justification for the assault of Victim #1, with intent to obstruct any investigation into the deprivation of Constitutional Rights described in Count 1.

In violation of Title 18, United States Code, Section 1519.

A TRUE BILL

_____
FOREPERSON

Rachael A. Honig by AC

_____
RACHAEL A. HONIG
Acting United States Attorney

CASE NUMBER: 21-

United States District Court
District of New Jersey

UNITED STATES OF AMERICA

v.

JOHN GRIER, III

INDICTMENT FOR

18 U.S.C. § 242
18 U.S.C. § 1519

_____A True Bill_____

_____/s/_____ Foreperson

RACHAEL A. HONIG
Acting U.S. Attorney
Newark, New Jersey

JASON M. RICHARDSON
Assistant U.S. Attorney
Camden, New Jersey
(856) 757-5026

USA-48AD8
(Ed. 1/97)