UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. 21-524 (JHR) |
| v. | : | Hon. Joseph H. Rodriguez |
| JOHN GRIER, III | : | SCHEDULING ORDER |
| | : | |

This matter having come before the Court on the joint application of the United States, Philip R. Sellinger, United States Attorney for the District of New Jersey (by Jason M. Richardson, Assistant U.S. Attorney) and the defendant John Grier, through his attorneys Stuart Alterman, Esq. and Stacy Biancamano, Esq.; the parties having met and determined that this matter may be treated as a criminal case that does not require extensive discovery, but which nonetheless requires more than seventy (70) days for defense counsel to diligently and effectively prepare for trial; and the Court having accepted such schedule, and for good cause shown;

It is on this 25th day of April, 2023, ORDERED that:

1. The Government shall provide its pre-marked exhibits on or before **May 1, 2023**.

    a. The authenticity and chain of custody of the Government's pre-marked exhibits shall be deemed to have been accepted unless an objection is asserted in accordance with paragraph 1(c).

    b. If the Government discloses the scientific analysis of an exhibit that it proposes to introduce at trial and that analysis has been determined by an expert in the field of science involved, the scientific analysis of the exhibit shall be deemed to have been accepted unless an objection is asserted in the form set forth in paragraph 1(c).

      c.    If the Defendant wishes to affirmatively contest the authenticity, chain of custody, or scientific analysis of an exhibit, counsel for the Defendant shall file, on or before **May 8, 2023**, a notice that the authenticity, chain of custody, and/or scientific analysis of the exhibit will be contested at trial together with a statement delineating why the authenticity, chain of custody, and/or scientific analysis of the exhibit is being challenged and a certification that the challenge is being made in good faith.

    2.    The Defendant shall provide its pre-marked exhibits on or before **May 8, 2023**.

      a.    The authenticity and chain of custody of the Defendant's pre-marked exhibits shall be deemed to have been accepted unless an objection is asserted in accordance with paragraph 2(c).

      b.    If the Defendant discloses the scientific analysis of an exhibit that the Defendant proposes to introduce at trial and that analysis has been determined by an expert in the field of science involved, the scientific analysis of the exhibit shall be deemed to have been accepted unless an objection is asserted in the form set forth in paragraph 2(c).

      c.    If the Government wishes to contest the authenticity, chain of custody, or scientific analysis of an exhibit, counsel for the Government shall file, on or before **May 15, 2023**, a notice that the authenticity, chain of custody, and/or scientific analysis of the exhibit will be contested at trial together with a statement delineating why the authenticity, chain of custody, and/or scientific analysis of the exhibit is being challenged and a certification that the challenge was made in good faith.

    3.    The Government shall provide all material to be disclosed under *Giglio v. United States*, 405 U.S. 150 (1972), and its progeny, on or before **May 1, 2023** and shall, if it agrees to do

so, provide any material to be provided under the Jencks Act, 18 U.S.C. § 3500, on or before the same date.

4. The Defendant, if he agrees to do so, shall produce all "reverse Jencks" that is required to be disclosed under Federal Rule of Criminal Procedure 26.2 on or before **May 15, 2023**.

5. If the Government intends to introduce any Rule 404(b) evidence, the Government shall provide notice of this evidence in the form delineated in Federal Rule of Evidence 404(b)(2)(A) on or before **May 8, 2023**.

6. If the Defendant intends to offer any "reverse 404(b)" evidence, the Defendant shall provide notice of this evidence in the form delineated in the Federal Rule of Evidence 404(b)(2)(A) on or before **May 8, 2023**.

7. The parties shall file any *in limine* motions, addressed to the admissibility of evidence, on or before **May 8, 2023**; responses to such motions may be filed on or before **May 15, 2023**; and oral argument on such motions shall be held on **May 24, 2023 at 11:00.** The Court shall hold the final pretrial conference after the oral arguments.

8. The parties shall file any *voir dire* requests on or before **May 5, 2023**.

9. The Government shall file any requests to charge addressed to (a) preliminary instructions to the jury, and (b) the elements of the offenses at issue, on or before **May 5, 2023**.

10. The Defendant shall file any requests to charge addressed to (a) preliminary instructions to the jury, and (b) the elements of the offenses at issue, on or before **May 19, 2023**.

11. The parties shall file all other requests to charge on or before **May 26, 2023**.

12. Trial shall be held on **June 5, 2023** at 9:30 a.m. with jury selection.

Dated: April 17, 2023

Camden, New Jersey

Form and entry consented to:

PHILIP R. SELLINGER
United States Attorney

_____
JASON M. RICHARDSON
Assistant United States Attorney

s/ Daniel Holzapfel
_____
STUART ALTERMAN, Esq.
STACY BIANCAMANO, Esq.
DANIEL HOLZAPFEL, Esq.
Attorneys for the Defendant

**ORDER**

IT IS SO ORDERED
this  25th  day of April 2023
Camden, New Jersey

_____
HON. JOSEPH H. RODRIGUEZ
SENIOR UNITED STATES DISTRICT JUDGE

—4—