

# Bridgeton Police Department
## Professional Standards Bureau
## Internal Affairs Division

### INVESTIGATION REVIEW FORM
### I-027-17

On 08/17/2017 this file was turned over to Chief Gaimari for review.

**FINDINGS BY CHIEF OF POLICE**

__X__ The investigation was thoroughly conducted.
_____ The case needs further investigation:
   Specifically:_____
   _____
   _____

__X__ I agree with the conclusion(s) reached by the investigator.
_____ I disagree with the conclusion(s) reached by the investigator.

   Specifically:_____
   _____
   _____

__X__ I agree with the recommendation(s) made by the investigator.
_____ I disagree with the recommendation(s) made by the investigator.

Additional or different recommendations:
               SEE ATTACHED
_____
_____
_____
_____

Chief of Police: _M_____
Date: __8-31-17__



# Bridgeton Police Department
## Professional Standards Bureau
## Internal Affairs Division

### Internal Investigation
### I-027-2017

**Complainant:** City of Bridgeton　　　　　　　　　　**Date:** August 01, 2017

**Allegation:** Excessive Force

**Officer Involved:** Officer J. Grier

**Date of Occurrence:** June 18, 2017

**Investigator:** Sgt. C. Wright

**Investigation:**

On June 27, 2017, I received a Guardian Tracking Use of Force command review from Lt. T. Speranza regarding case 17-22598. Upon reviewing same, there were several issues documented by Lt. T. Speranza with the use of force used by Officer Grier during the incident. I assigned the investigation Internal Affairs case number I-027-2017.

On July 24, 2017 Officer Grier was notified of the Internal Affairs Investigation and was provided with the notification form which he signed.

I reviewed all of the available body worn camera footage, mobile video recorder footage and all reports pertaining to the incident. During my investigation, I learned the following: On June 18, 2017 at approximately 0522 hours, Officer Young was dispatched to 69 W. Broad St., the Riggins gas station, for a report of two males sitting in a vehicle yelling profanities at people as they walked by.

Officer Young was first to arrive on scene, followed by Officer Grier and finally Officer Broomall. While on scene, Marty Drummond was identified as the driver of the vehicle and Alan Campbell was identified as the passenger. The keys to the vehicle were on the dash and there was no operation or intent to operate the vehicle. The above Officers were initially on scene for several minutes while Officer Young issued the males the appropriate summonses for having open alcoholic beverage containers. During this time, both males were argumentative and appeared to be intoxicated or under the influence of narcotics. Drummond was especially argumentative, notably with Officer Grier, and continued to berate Officer Grier and curse. Drummond was making comments such as "You're lucky I'm not out of the car" as well as claiming to be a Navy Seal. It should be noted that while Officer Young was issuing the summonses, Officer Grier stood outside of the accused vehicle while holding a small can of department issued pepper spray. Officer Young and Officer Grier left the scene once Drummond and Campbell were issued summonses and were advised not to drive the vehicle. Officer Broomall remained on scene in his Police vehicle.

At approximately 0556 hours, Officer Broomall reported via Police Radio that the males had exited the vehicle and were approaching his Police Vehicle. Officer Young and Officer Grier began responding back to the scene and both of their BWC's started recording. While reviewing Officer Grier's BWC footage from that time, he can be seen holding a large 18.5oz can of Sabre Red pepper spray in his hand as he drove back to the scene.

Upon returning to the scene, Drummond was out of his vehicle and approached Officer Grier. Drummond continued to yell and curse at Officer Grier. Drummond asked for the working Sergeant, at which time Officer Grier called Sergeant Hovermann via Police Radio and advised him of same. Officer Grier then told Drummond to have a seat in his vehicle or he was locking him up. Drummond yelled racial slurs as he walked back to his vehicle and sat in the driver's seat, along with Campbell in the passenger's seat. A few seconds after the males entered their vehicle, Drummond pulled away from the spot where the vehicle had been parked to the east side of the gas station building. Officer Broomall was first to approach the driver's side of the vehicle as Officer Grier drove his Police vehicle across the parking lot. Officer Grier exited his Police vehicle, again holding the large 18.5oz can of Sabre Red pepper spray, and stated "that's it, lock him up." Drummond exited the vehicle and Officer Grier walked towards him stating, "Ron, step back, step back, step back." Officer Broomall and Officer Young were

already attempting to handcuff Drummond at that point who did not appear to be giving resistance. As Drummond was handcuffed, Officer Grier pointed the 18.5oz can of pepper spray at his face and stated "Do you want to feel pain Sir?" Officer Broomall escorted Drummond to the front of Police vehicle 708 to search him. Once at the vehicle, Officer Grier advised Drummond that he "had plenty enough fucking chances" which Officer Broomall searched Drummond. While Officer Broomall was maneuvering Drummond during the search, the handcuffs appeared to cause Drummond discomfort and he stated "Ouch." Officer Grier responded to Drummond "Good." Drummond was speaking during the search explaining why he did what he did. Officer Grier advised Drummond that he didn't "give a rats" and Officer Broomall escorted Drummond to the rear passenger's side door of Police vehicle 708. Once at the door, Officer Broomall opened same and advised Drummond to get into the car. Drummond stopped walking and turned towards Officer Broomall and Officer Grier, asking what he was under arrest for. Officer Grier pointed the 18.5oz can of pepper spray at Drummond's face and yelled "Get in (issued a burst of pepper spray) the fucking car." The burst of pepper spray mainly struck Drummond on the right side of his face, causing him to bend over. Drummond then sat on the seat, clearly affected by the pepper spray, but his legs and feet remained outside. Officer Broomall stated "Get it." Officer Grier stated "I'm going to do it again" and issued another burst from the 18.5oz pepper spray can to Drummond's face. Officer Grier continued by yelling "There, how do you like it now? Now get in the God damn car now, now! Drummond responded "Yes Sir" but barely moved his legs into the vehicle. Officer Grier yelled "Now" again then pushed Drummond on his upper body, causing him to fall back onto the seat and then stated "Get in the fucking car. Pull your legs in. I'm going to give it to you again!" Officer Broomall had walked to the rear of the vehicle due to being affected by the pepper spray and can be heard telling Officer Grier that Drummond has a bad hip and then stated "No John, back off." Sergeant Hovermann had arrived on scene as well and approached Officer Grier, pulled back on his outer vest and told Officer Grier to back off. The Officer briefed Sergeant Hovermann of the incident and Drummond was transported to Police Headquarters for processing. Drummond was charged with DWI and resisting arrest. There were no further incidents with Drummond while at Police Headquarters and he was subsequently released and transported home by Officer Morris and Officer Mora.

After reviewing the Supplemental Investigation Report completed by Officer Grier, I noted that he did not mention pushing Drummond into the Police

vehicle after the arrest. Drummond is described as acting aggressive as he exited his vehicle to be handcuffed, but his actions on the BWC footage do not show any aggressive behavior other than his argumentative language. Furthermore, the report does not accurately reflect the actions by Drummond. Whereas it may have appeared that Drummond was not obeying Police commands to sit in the vehicle, he probably could not do so in an instant manner because he has a bad hip.

On July 28, 2017 at approximately 0812 hours, I accompanied Officer Grier in the Professional Standards Bureau for an interview. Officer Grier was provided with the Administrative Interview Advisement form





In conclusion, I find that the actions of Officer Young, Officer Broomall and Sergeant Hovermann were appropriate in the situation. Both Officer Broomall and Sergeant Hovermann recognized Officer Grier's actions as being excessive and told him to stop. Officer Young was with Campbell during that time, and not near Officer Grier to witness the incident after the arrest.

The actions of Officer Grier and the force used were excessive in this situation. The situation could have been de-esculated but Officer Grier clearly became agitated with Drummond and did not give him time to comply with the orders being given before deploying the large can of pepper spray. Additionally, Officer Grier's action of forcefully pushing Drummond into the Police vehicle was not mentioned in his investigation report. It could be a logical conclusion that it was overlooked in the Investigation Report, but it is also not noted on the Use of Force report.

Recommendation:

It is my recommendation that the excessive force complaint against Officer Grier be sustained. The appropriate disciplinary action to be determined by Chief Gaimari. I would also recommend that Officer Grier receive retraining on report documentation.

Completed by: *[signature]*
Sgt. C. Wright #1020

Reviewed by: *[signature]*
Capt. J. Battavio #897



# Bridgeton Police Department

330 Fayette St., Bridgeton, NJ 08302
**Michael A. Gaimari Sr., Chief of Police**
856-451-0033/856-391-7042

August 31, 2017

TO: Sgt. C. Wright
FROM: Chief M. Gaimari

RE: I-027-2017

**ADDITIONAL OR DIFFERENT RECOMMENDATIONS**

With reference to the above internal investigation I concur with your findings that Ptlm. Grier utilized excessive force during the arrest of the subject as depicted in your investigation report and video footage of the incident.

After reviewing all available video footage of the incident, I believe Ptlm. Grier utilized the utmost de-escalation practices in the initial encounter with the subject in the wake of the subject's verbal assault.

Actually, even during the second encounter up to the time the subject was placed under arrest, I believe Ptlm. Grier's action were proper and in accordance with rules, regulations and policies along with the demeanor I expect from City of Bridgeton police officers.

However, beginning with Ptlm. Grier's comments pertaining to the infliction of "pain" up until the subject was placed in the patrol vehicle, I believe his actions were improper, excessive and did not exemplify the conduct becoming or a Bridgeton police officer.

I do not believe the subject was offering the resistance necessary for Ptlm. Broomall's actions, both verbally and physically, by slamming the subject on the vehicle FOLLOWING the application of handcuffs, nor the immediate application of chemical agent utilized in two instances by Ptlm. Grier along with the physical contact initiated by Ptlm. Grier.

I did not observe that the subject posed any threat to either officer nor did I observe any substantive physical resistance that would warrant the response from the officers I observed. In addition, Ptlm. Grier's initial application of chemical agent also affected Ptlm. Broomall to the point that he had to release the subject from his grasp.

Noting the AG Guidelines on Use of Force of which the department's policy is modeled as such:

*Authorization and Limitations*

*A. Use of Force*

*1. A law enforcement officer may use physical force or mechanical force when the officer reasonably believes it is immediately necessary at the time:*

> *a. to overcome resistance directed at the officer or others; or*
> *b. to protect the officer, or a third party, from unlawful force; or*
> *c. to protect property; or*
> *d. to effect other lawful objectives, such as to make an arrest.*

One, I do not believe there was an "immediately necessary" situation to utilize such mechanical force, and two, I do not believe the resistance directed at the officers was of a nature or length to justify the actions as stated above. 1b, 1c and 1d I do not feel apply as there was no threat to an officer or third party, no property to protect and the subject was already under arrest and in custody.

In conjunction with this case and I-044-2017, please prepare the necessary paperwork for Ptlm. Grier for corrective action depicting a suspension period of **three (3) days, thirty-six (36).**

In reference to Ptlm. Broomall's demeanor and use of physical force once the suspect was handcuffed, please prepare a **Letter of Reprimand** for his actions as well.

In addition, please arrange through Capt. Battavio/Lt. Genovese a proper method of **re-training** in the use of force continuum and demeanor for both Ptlm. Grier and Ptlm. Broomall.



# Bridgeton Police Department
## Professional Standards Bureau
## Internal Affairs Division
### Administrative Interview Advisement
I-027-17

1. I am being questioned as part of an investigation by this agency into potential violation of department rules and regulation or for my fitness for duty. This investigation concerns a rules violation.

2. This is an administrative investigation. I will be asked questions specifically, narrowly and directly related to the performance of my official duties.

3. I may be subject to departmental discipline for refusing to answer a question directly related to the performance of my duties or for not answering truthfully.

4. I have the right to consult with a representative of my collective bargaining unit or another representative of my choice and have him or her present during the interview.

5. If I answer "I don't recall" or its equivalent to any question- upon recall I will document the answers to the investigator's attention.

6. Any new information received, relating to this investigation, shall be immediately documented to the investigator's attention.

7. You are ordered to have no communication with any witness in this case, concerning this case

I do ___ do not _Y_ wish to consult with a collective bargaining representative.

Signature: _____ Date: 7/25/17 Time: 0812

Witnessed by: _____



# Bridgeton Police Department
## Professional Standards Bureau
## Internal Affairs Division

Det/Sgt. C. Wright #1020
330 Fayette St., Bridgeton, NJ 08302
Office: (856)451-0033 Ext. 123
Fax: (856)451-0371

Internal Affairs Complaint Notification
I-027-2017

To: Ptlm. J. Grier              Badge Number: 1025

You are hereby notified that an internal affairs complaint has been made against you. This complaint involves an allegation of Excessive Force.

This investigator will contact you when/if you will be needed for an interview.

Signature: _____ #1020
Det/Sgt. C. Wright #1020
Date: 07/19/2017

Signature of Recipient: _Ptl. J Grier_ 1025

Print Name: _Ptl. J Grier_ 1025

Date: 7/24/17

    On September 19, 2017 at 0915hrs., I met with Ptlm. Grier in regards to a retraining issue in reference to IA-027-2017 (excessive force). I advised Ptlm. Grier that, due to the training cycle coming up, that the Use of Force block will be his formal retraining. I then reviewed the incident with Ptlm. Grier in it's entirety. ███████████████ I advised Ptlm. Grier that his body cameras would be subjected to a more intense review to insure that was the case.

    On this same date, at 1000hrs., I spoke with Ptlm. Broomall about this incident. I advised Ptlm. Broomall that he would also be taking the Use of Force block upcoming in the near future as his formal retraining and discussed his role in this arrest. I reviewed the body camera footage and pointed out several issues related to his demeanor, language and apparent escalation after the handcuffs were put on the arrestee. I pointed out that Ptlm. Broomall handled the incident pretty well prior to the arrest. ███████████████ I advised Ptlm. Broomall that he will be subjected to a more intense review of his body camera and interaction with the public.

*Capt. J. [signature]*



# Bridgeton Police Department
## Professional Standards Bureau
## Internal Affairs Division

Sgt. Christopher Wright #1020
330 Fayette St., Bridgeton, N.J. 08302
Office: (856)451-0033 Ext. 123
Fax: (856)451-0371

I-027-2017

To: Ptl. J. Grier                              Badge Number: 1025

You are hereby notified the internal affairs complaint made against you involving the allegation of __Demeanor/ Excessive Force____, has been _____Sustained_____

*Explanation of finding:*
**Sustained:** Facts show the incident did occur and the allegation are valid
**Not-Sustained:** There is no factual basis to prove or disprove the allegation
**Exonerated:** The incident did occur, but you acted within your authority
**Unfounded:** The allegation did not occur

Should you have any further questions, feel free to contact me.

Sgt. Christopher Wright #1020
Date: 09/18/2017

1