UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>     Plaintiff <br><br> v. <br><br> JOHN GRIER III, <br>     Defendant | Criminal No. 21-524 (JHR) |

**BRIEF OF DEFENDANT JOHN GRIER, III, IN SUPPORT OF MOTION *IN LIMINE* TO EXCLUDE THE GRAND JURY TESTIMONY OF MARTY DRUMMOND.**

The defendant, John Grier, III, moves to exclude the previously taken, *ex parte* Grand Jury testimony of Marty Drummond. It is clear that the admission of Drummond's testimony at trial in this matter would contravene the Confrontation Clause of the United States Constitution. That testimony should therefore be precluded.

**BACKGROUND**

The alleged victim in this matter, Marty Drummond, testified before the Grand Jury on June 30, 2021. The bulk of Drummond's testimony was a narration of what the jury was seeing as they viewed the video of the event which was recorded via police body

1

cameras. Drummond claimed that he was parked at a gas pump, just sitting in his car with a friend waiting for the station to open, when one police officer questioned him and then several other police officers, including John Grier, arrived at the scene. (GJ Tr. 6 to 8) When asked if he had done anything to warrant Officer Grier's threat to "spray him," Drummond said, disingenuously, "I was just sitting there waiting for the gas station to open." (GJ Tr. 9) When asked by the Assistant United States Attorney what he was talking about when he told Officer Grier that he "would rather drive down his [Grier's] neck," Drummond said he was talking about "[c]ivil rights violations." (GJ Tr. 10) Drummond claimed that he was not threatening Officer Grier, but rather he "was just sitting on private property waiting for the gas station to open." (GJ Tr. 11)

    Subsequent to his grand jury testimony, Drummond died of liver disease. The defense submits that the government should be precluded from presenting Drummond's grand jury testimony at trial. To permit the petit jury to hear Drummond's uncontested grand jury testimony would severely violate defendant's constitutional right to confront a witness against him, per the clear holding of *Crawford v. Washington*, 541 U.S. 36 (2004).

**LEGAL ARGUMENT**

**POINT I**

**THE GRAND JURY TESTIMONY OF MARTY DRUMMOND MUST NOT BE PRESENTED TO THE PETIT JURY IN THIS CASE BECAUSE ADMISSION OF THAT TESTIMONY WOULD VIOLATE DEFENDANT'S RIGHT UNDER THE CONFRONTATION CLAUSE OF THE SIXTH AMENDMENT.**

The Confrontation Clause of the Sixth Amendment states that, "[i]n all criminal prosecutions, the accused shall enjoy the right … to be confronted with the witnesses against him." As long ago as 1895, the United States Supreme Court said of the Confrontation Clause: "The substance of the constitutional protection is preserved to the prisoner in the advantage he has once had of seeing the witness face to face, and of subjecting him to the ordeal of a cross-examination. This, the law says, he shall under no circumstances be deprived of …." *Mattox v. United States*, 156 U.S. 237, 244 (1895).

In *Crawford*, the Supreme Court made clear that the Confrontation Clause "commands, not that evidence be reliable, but that reliability be assessed in a particular manner: **by testing in the crucible of cross-examination**. The Clause thus reflects a judgment, not only about the desirability of reliable evidence (a point on which there could be little dissent), but about how reliability can best be determined." 156 U.S. at 61. The *Crawford* Court noted that "[d]ispensing with confrontation because testimony is obviously reliable is akin to dispensing with jury

3

trial because a defendant is obviously guilty. This is not what the Sixth Amendment prescribes." *Id*. at 62.

Only statements deemed "testimonial" fall within the protections of the Confrontation Clause. There has been much analysis of what fits under the heading of "testimony," but such analysis is not needed in the matter at bar because Grand Jury testimony clearly fits the definition.

> Whatever else the term covers, it applies at a minimum to prior testimony at a preliminary hearing, **before a grand jury**, or at a former trial; and to police interrogations. These are the modern practices with closest kinship to the abuses at which the Confrontation Clause was directed.

*Id*. at 68. (emphasis added)

The Third Circuit has, of course, adhered to the principles enunciated in *Crawford*, noting that a prior testimonial statement is inadmissible at trial if the defendant did not have the opportunity to cross-examine the declarant at the time of his or her statement, "regardless of whether the statement at issue falls within a firmly rooted hearsay exception or has a particularized guarantee of trustworthiness." *United States v. Hendricks*, 395 F.3d 173, 178-79 (3d Cir. 2005); *accord United States v. Hinton*, 423 F.3d 355, 358 (3d Cir. 2005).

In the case presently before the Court, it is conceded that Marty Drummond is an unavailable witness. However, his prior testimony before the Grand Jury is categorically inadmissible at

4

any subsequent trial because that testimony did not include the opportunity for cross-examination. "Where testimonial statements are at issue, the only indicium of reliability sufficient to satisfy constitutional demands is the one the Constitution actually prescribes: confrontation." *Crawford*, 541 U.S. at 68-69.

## CONCLUSION

For the reasons set forth above, Defendant John Grier, III, respectfully requests that the Court exclude the Grand Jury testimony of Marty Drummond.

BIANCAMANO LAW, LLC
*Attorneys for Defendant John Grier, III*

Dated:                    BY:  */s/ Stacy Ann Biancamano*
                                Stacy Ann Biancamano, Esq.