UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA,

    Plaintiff

v.

JOHN GRIER III,

    Defendant

Criminal No. 21-524 (JHR)

DEFENDANT'S OBJECTIONS ANDS REQUESTS FOR MODIFICATIONS TO THE GOVERNMENT'S REQUEST TO CHARGE

Stuart Alterman, Esquire
Alterman & Associates, LLC
8 S. Maple Ave.
Marlton, NJ 08053

Stacy Ann Biancamano, Esquire
Biancamano Law LLC
42a North 20th Street
Kenilworth, NJ 07033

1. OBJECTION TO GOVERNMENT'S REQUEST #29 – "WILLFULLY" DEFINED.

Defendant objects to "willfully" being defined separately and divorced from the Court's instruction of willfulness, within the Government's Request #36, Count 1 – deprivation of civil rights (18 U.S.C §242) – third element – willfulness. The definition of willfulness contained in the Government's Request #36 duplicates and exceeds the definition of willfulness proposed by the Government in Request #29. Defendant respectfully submits that the definition is properly instructed as an element of the offense and recharging it independently is neither necessary nor advisable. It is thoroughly defined and explained in Request #36 and to define it independently places undue emphasis upon it.

2. THE GOVERNMENT'S REQUEST #30 – "KNOWINGLY".

Defendant does not object to the Government's Request to Charge #30, but respectfully submits that it should immediately follow the Government's Request #40, which specifically references the definition of knowingly "in a separate instruction". In essence, Request #30 should be given as Request #40a.

3. THE GOVERNMENT'S REQUEST #31 – "INTENTIONALLY".

Defendant does not object to the Government's Request to Charge #31, but respectfully submits that it should immediately follow the Government's Request

#41, which specifically references the definition of knowingly "in a separate instruction". In essence, Request #31 should be given as Request #41a.

### 4. GOVERNMENT'S REQUEST #40.

Page 66 of the Government's Request #30 contains the "first", "second" and "third" elements. Defendant requests modification of the Government's "first" element (Request #30, page 66) to make it conform with the elements as initially charged to the jury and within the Government's Request #11 (page 23). Specifically, the "first" element should be defined precisely the same as follows:

> That, on or about June 18, 2017, the Defendant acted under color of law;

### 5. GOVERNMENT'S REQUEST #40.

Page 66 of the Government's Request #30 contains the "first", "second" and "third" elements. Defendant requests modification of the Government's "second" element (Request #30, page 66) to make it conform with the elements as initially charged to the jury and within the Government's Request #11 (page 23). Specifically, the "second" element should be defined precisely the same as follows:

> That in doing so, the defendant deprived, or caused to be deprived, Marty Drummond, of his rights secured or protected by the Constitution and laws of the United States — that is, the right to be free from unreasonable seizure and right to be free from the use of unreasonable force; and ...

### 6. GOVERNMENT'S REQUEST #37 – "FOURTH ELEMENT", PAGE 74.

Defendant respectfully submits that the final paragraph of Government's Request #37 on page 74 be modified to conform with the "fourth element – bodily injury instruction", Request #37, specifically as follows:

> If you are convinced beyond a reasonable doubt that the Government proved the additional element, say so by indicating such on the verdict form. If you have a reasonable doubt that but for the defendant's actions, bodily injury would not have been suffered, then you must find that the Government has not proven that fact and so indicate on the verdict form.

7. **GOVERNMENT'S REQUEST #35 - SECOND ELEMENT – DEPRIVATION OF A FEDERAL RIGHT**

The Government's Request #35, namely the third paragraph on page 70, should be supplemented as follows:

> In determining whether the force used is reasonable under all the facts and circumstances, keep in mind that force that is objectively reasonable at the beginning of an encounter may not be justified — even seconds later — if the objective justification for the initial use of force has been eliminated. As such, you must determine whether the force used, whenever it is used, was objectively reasonable. You must also keep in mind that reasonableness includes allowance for the fact that police officers are often forced to make split-second judgments — in circumstances that are tense, uncertain and rapidly evolving about the amount of force that is necessary in a particular situation. [1]

---

1. Graham v. Connor, 490 U.S. 386 at 396 (1989).

8. GOVERNMENT'S REQUEST #36 – THIRD ELEMENT – WILLFULNESS

On the Government's Request #36, specifically on page 73 and within the first paragraph, defendant requests the following supplementation:

In determining whether the defendant acted "willfully", you may consider the manner in which any constitutional violation was carried out, and the duration of any constitutional violation. You may also consider what the defendant said, what the defendant did or failed to do, how the defendant acted, and whether the defendant knew he was violating the laws and policies of the State or of the Bridgeton Police Department. Although a violation of the laws and policies of the State or the Bridgeton Police Department is not necessarily a violation of a person's constitutional rights, such violations may be used as a factor. Likewise, compliance with law and the policies of the Bridgeton Police Department may be used as a factor in your determination of reasonableness. You may also consider any other facts or circumstances you deem relevant to shed light on what was in the defendant's mind at the time.

Respectfully submitted,

Alterman & Associates, LLC

/s/ Stuart Alterman

Biancamano Law LLC

/s/ Stacy Ann Biancamano