## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES | : | |
| v. | : | Crim No. 21-00524 (JHR) |
| JOHN GRIER III | : | |

### UNITED STATES' MOTION TO COMPEL DISCOVERY

The United States of America, by Philip R. Sellinger, United States Attorney for the District of New Jersey (Lindsey R. Harteis and Jason M. Richardson, Assistant United States Attorneys, appearing) respectfully moves to compel the disclosure by the defense of certain expert witness materials by its noticed expert, Emanuel Kapelsohn.  In support of this application, the Government avers as follows:

1.      On June 30, 2021, defendant John Grier III was charged in a two-count indictment with Deprivation of Rights Under Color of Law, in violation of Title 18, United States Code § 242, and Falsification of Records, in violation of Title 18 United States Code, § 1519.  These charges stemmed from an incident on June 18, 2017, during which the defendant, acting in his capacity as a police officer, deployed his department-issued pepper spray ("OC spray") on a victim who was under arrest, already in handcuffs, and not resisting arrest.  After deploying his pepper spray on the victim, the defendant shoved the victim into a police vehicle and proceeded to falsify police documentation concerning his use of force.

2.      This case is currently scheduled for trial with jury selection commencing on October 10, 2023 and the presentation of evidence commencing on October 16, 2023.

3.      On April 18, 2022, the defendant notified the Government of his intent to present a purported use of force expert, Emanuel Kapelsohn.  The defendant also provided the Government with

1

Kapelsohn's expert report dated August 18, 2022, and a list of the cases in which, during the previous 4 years, Kapelsohn has testified as an expert at trial or by deposition.

4.      On December 1, 2022, an amended version of Federal Rule of Criminal Procedure 16 went into effect.  The amended rule requires the following mandatory disclosures of either party intending to present an expert witness:

> a. a complete statement of all opinions that the party will elicit from the witness in its case-in-chief, or during its rebuttal to counter the testimony that the other party timely discloses;
> b. the bases and reasons for them;
> c. the witness' qualifications, including a list of all publications authored in the previous 10 years;
> d. and a list of all other cases in which, during the previous 4 years, the witness has testified as an expert at trial or by deposition.

Fed. R. Crim. P. 16(b)(1)(C)(iii).  The amended rule also requires that the expert witness personally sign the disclosure, and supplement it.  Fed. R. Crim. P. 16(b)(1)(C)(v)-(vi).

5.      By letter dated April 3, 2023, the Government asked the defense to provide additional information that was required by the amended Federal Rule of Criminal Procedure 16(b), including information regarding the underlying "bases and reasons" for Kapelsohn's expert report.  The additional information that was requested by the Government included, but was not limited to,  Kapelsohn's undisclosed records concerning his own use of OC spray; FBI statistical data that was referenced in Kapelsohn's report but not actually provided; unspecified federal caselaw referenced on page 25 of his report; notes or written communications from his consultation with Mitchell Johnson with Security Equipment Corporation (the manufacturer of the OC spray at issue in this case); and any training content that informed his opinions.  (Govt. Letter 4/3/23, attached as Exhibit A).  The letter also requested mandatory disclosures concerning Kapelsohn's qualifications and an updated list of cases in which

Kapelsohn has testified.  Finally the letter sought information concerning Kapelsohn's own use of OC spray, as well as his compensation as an expert witness.

6.      The Government's letter also asked the defendant to provide more information about the nature of Kapelsohn's consulting work (as referenced in his expert report) for OC spray manufacturers, including a summary of this consulting work, a rate schedule, invoices, and any written work product he provided to OC manufacturers while consulting for them.  Such information is relevant to the jury in allowing it to determine whether Kapelsohn's financial interest in OC manufacturers, via his consulting relationships with them, might influence his testimony.  Such information is plainly relevant to testing Kapelsohn's bias and interest in the litigation.

7.      Having received no disclosures in response to that letter, the Government contacted defense counsel by email on September 11, 2023, attaching a copy of its prior letter and asking whether the defendant intended to disclose any of the materials requested by that letter.

8.      After again receiving no responsive materials, the Government again emailed defense counsel on September 13, 2023 to inquire whether the defendant intended to comply with the disclosure requirements of Rule 16.  As of the filing of this motion, defense counsel has not acknowledged that communication.

9.      To date, the defense has not supplied the disclosures that the Government requested and that Rule 16 mandates, including the underlying materials that were reviewed or relied upon by Kapelsohn in forming his expert opinion and information about cases in which he has testified in the last four years, placing this Court's schedule for this case in jeopardy.[1]

---

[1] In *United States v. Palm*, the Court ordered the expert disclosures to be completed 28 days before trial, applying the amended version of Rule 16 that applies in this case.  *United States v. Palm*, 2023 WL 4034495 (D. Minn. June 15, 2023).

## <u>DEFENDANT FAILED TO COMPLY WITH RULE 16's MANDATE THAT HE DISCLOSE THE BASES AND REASONS FOR HIS OPINIONS</u>

10.     Kapelsohn's report offered several purported expert opinions, relying on unnamed studies, unspecified federal "caselaw," Kapelsohn's own alleged experience using pepper spray on the street, literature, statistics and articles for which he did not provide citations, New Jersey Use of Force Policies, and an apparent consultation with a representative for the manufacturer of the OC spray at issue in this case.  Evading the requirements of Rule 16, the defendant still has not disclosed the materials requested by the Government.

11.     The amendments of Rule 16 plainly require the defendant to disclose the "bases and reasons" for his expert witness's opinions.  Here, the defendant has failed to disclose to the Government either the full citations for the public materials that Kapelsohn relied upon (*e.g.*, the publicly searchable records and caselaw) or to provide the Government with copies of the materials that he relied upon, which the Government cannot access on its own (*e.g.*, any training materials, notes or communications with the OC manufacturer, or trainings and other literature consulted).  In failing to disclose citations or provide copies of the relevant materials, the defense has not only failed to comply with the mandates of Rule 16, but has also compromised the Government's ability to support and argue its pending *Daubert* motion and make appropriate *voir dire* challenges.

12.     For example, on page 20 of his report, Kapelsohn makes reference to "FBI statistical data," on which his opinions are based, but does not provide a citation to this data or a copy of it. Without underlying data, the Government can not test the propriety or strength of Kapelsohn's resulting expert opinions.

13.     For example, on page 25 of his report, Kapelsohn makes reference to unspecified federal caselaw, but then provides only one case citation to support his opinions, crippling the Government's ability to review other cases he claims to rely upon.

14.     As another example, in his report, Kapelsohn references the fact that he consulted with an individual at Security Equipment Corporation, the company that manufactured the OC spray used in this case.  The defense did not disclose any notes, emails, written communications or other records concerning the contents of his communication, or even represent to the Government that no such materials existed.

15.     As another example, on page 35 of his report, Kapelsohn states he reviewed the New Jersey Attorney General's Use of Force Policy to form his opinions, but the defense did not disclose a copy of this policy or provide a citation that informs the Government which version of the policy was relied upon by Kapelsohn.

16.     As another example, on page 10 of his report, Kapelsohn states that he has performed consulting work for OC companies and this work informed his expert opinions in the case, but the defense did not disclose any materials, notes, or information from those experiences that Kapelsohn may have relied upon to form his opinions.

17.     Information concerning statistics, studies, trainings, formal interviews and investigation personally undertaken by Kapelsohn, which form the bases for his opinions, are precisely the types of information that the Rule 16 amendments require to be disclosed.  Without these, the Government is effectively limited in its ability to effectively litigate its pending *Daubert* motion, and to *voir dire* and cross-examine Kapelsohn.

**DEFENDANT FAILED TO COMPLY WITH RULE 16's MANDATE THAT IT LIST ALL CASES IN THE PAST 4 YEARS IN WHICH KAPELSOHN TESTIFIED**

18.     Rule 16 also mandates that the defendant disclose a list of all cases in the past four years in which its expert testified at trial or deposition and establishes a duty to supplement.  The defendant has failed to supplement the four year case list provided by Kapelsohn with his expert report in April 2022, even though nearly 18 months have now passed and the relevant four year period may have shifted.  To the extent that Kapelsohn has testified in additional cases – or has plans to do so before trial – the Government is seeking to compel the defendant to supplement the four year case list, or at least confirm that there is no new information to be produced on this point.

19.     This information is critical to the Government's preparation for trial, as Kapelsohn's report and curriculum vitae both suggest that he is qualified as a use of force expert for OC spray, but do not meaningfully delineate when (if at all) he has previously been qualified as a use of force expert in a case involving the use of OC spray.  Instead, Kapelsohn's report notes that he has been an expert in over 400 use of force cases, and that he has testified in use of force cases approximately 90 times.  Without the mandated disclosure of a complete list of cases in which he has testified in the past four years, the Government is hampered in its ability to determine whether he has actually opined on use of force as it pertains to OC spray even one single time.  The Government is similarly impaired in its ability to litigate its pending *Daubert* motion and to *voir dire* Kapelsohn on his qualifications. This Court is likewise at a disadvantage in exercising its gatekeeping function and determining how to rule on the Government's pending *Daubert* motion without more informed argument from the Government that the disclosures would make possible.[2]

---

[2] It appears to the Government that Kapelsohn actually is a firearms expert—and not an expert with opinions and testimony relevant to this particular case—and the defense is attempting to evade the requirements of Rule 16 so that the Government and this Court cannot determine whether he has ever been qualified to opine on use of force issues in other cases involving OC spray and nonlethal use of

## **CONCLUSION**

20.     The Government has accommodated the defense's repeated requests for trial continuances, despite the potential ill effect on its prosecution.  The Government also has foregone calling an expert of its own, subject to the right to litigate its *Daubert* motion and to cross-examine Kapelsohn with the benefit of a fulsome and timely Rule 16 disclosure.  The Government has not, however, given up its right to the timely expert disclosures mandated by Rule 16.  Given Kapelsohn's references to the requested materials throughout his own expert report, it should not be unduly burdensome for the defense to produce copies of those materials to the Government.  The defense has provided no reasoned explanation for its failure to comply with Rule 16, and the Government is not aware of any reason why the materials should be withheld by the defense.

WHEREFORE, for the reasons stated above, the Government respectfully requests that its motion to compel be granted, and that the defense be directed to provide to the Government, no later than September 20, 2023, all materials, evidence, and information reviewed or relied upon by Kapelsohn, a supplemented list of cases in which he has testified by deposition or at trial in the past four years, and be directed to provide the additional discovery the Government requested in its letter dated April 3, 2022, and that Kapelsohn sign and certify the responses, as Rule 16 requires.

Respectfully submitted,

PHILIP R. SELLINGER
United States Attorney

/s/ Lindsey R. Harteis
LINDSEY R. HARTEIS
Assistant United States Attorney

---

force.  Disclosure of the requested materials would allow the Government and the Court to properly evaluate Kapelsohn's expertise in the area relevant to this case and also evaluate the strength and "fit" of his methodology.