# Stacy Ann Biancamano, Esq.
# Biancamano Law, LLC

42A N20th St
Kenilworth, NJ 07033
Phone: (908) 858-2161
Fax: (908) 858-2140
Email: SBiancamano@BiancamanoLaw.com

September 17th, 2023

Jason Richardson, AUSA
Lindsey Harteis, AUSA
U.S. Attorney's Office
401 Market Street 4th Floor,
Camden, NJ, 08101-2098

**Re:**     **United States v John Grier III**
            **(Crim. No. 21-524)**

Dear Mr. Richardson and Ms. Harteis,

Please accept this memorandum as the defense response to the government's 11 requests for additional materials referenced in the expert report and CV of Emanuel Kapelsohn.

**1.** Any documentation, including reports, personnel records, or police reports concerning the two occasions during which Mr. Kapelsohn professed to use OC spray "on the street" as referred to in his report.

Mr. Kapelsohn's "on the street" use of OC spray occurred many years ago and he does not

have access to any documentation, including reports, personnel records, or police reports

regarding those incidents.

**2.** Mr. Kapelsohn's hourly rates for the various tasks performed on this case, including his hourly rate for drafting the report, research, trial preparation and court testimony, copies of all invoices up to the date of trial for work performed on this case, and disclosure of the total amount Mr. Kapelsohn has billed the defense for as of the start of trial.

> I do not think that the government has the right to an itemized accounting for "various tasks performed," etc. F.R.Cr.P. 16 does not require the disclosure of this information. If there is some other legal authority supporting your request, please provide me with the citation.

**3.** Mr. Kapelsohn's rates for consulting or other paid engagements performed for OC manufacturers, a summary of consulting work performed, and invoices associated with any paid work performed for OC manufacturers, as well as written work product provided to OC manufacturers for pay.

> There is nothing in F.R.Cr.P. 16 which requires the disclosure of this information. Mr. Kapelsohn's work and rumination with respect to other cases is irrelevant. If there is some other legal authority supporting your request, please provide me with the citation.

**4.** A list of cases for which Mr. Kapelsohn has been engaged as an expert or drafted a report on the deployment of OC spray by a law enforcement officer, indicating which court the case was in, the case number, and whether Mr. Kapelsohn gave court or deposition testimony.

> Pursuant to F.R.Cr.P. 16(b)(1)(C)(iii), Mr. Kapelsohn will provide the defense with "a list of all other cases in which, during the previous 4 years, the witness has testified as an expert at trial or by deposition." He is searching for that information now. As soon as I am in possession of that information I will immediately forward a copy to you.

**5.** Any video footage showing Mr. Kapelsohn being sprayed with OC spray, or spraying others, or video footage generally of OC spray being deployed that Mr. Kapelsohn refers to or relies on in his report.

> Mr. Kapelsohn believes that he does have access to one video that depicts him being sprayed with OC spray. He is searching for that video now. As soon as I am in possession of that video I will immediately forward a copy to you.

**6.** The FBI statistical data referred to on page 20 [sic] of the expert report.

> It is understood that pursuant to F.R.Cr.P. 16(b)(1)(C)(iii) defendants must provide "the bases and reasons" for the "opinions that the defendant will elicit from the witness in the

defendant's case-in-chief." With respect to the FBI data mentioned on page 21 of Mr. Kapelsohn's report, the citation for that data is contained on page 22. As the government is surely aware, the FBI provides a Uniform Crime Report every year. In his report, Mr. Kapelsohn specifically referred to the data contained in 2020, and that is what he cited. The government can find similar reports for any other year.

**7.** The 11th Circuit caselaw referenced on page 25 of the expert report.

Page 25 of the expert report does contain the citation that the government seeks.

**8.** All interview notes, memos, emails, recordings, or records of any interviews, conversations, or communications with anyone consulted which was used to form the basis of the expert opinions or factual statements contained in the expert report.

F.R.Cr.P. 16 does not require the disclosure of this information. If there is some other legal authority supporting your request, please provide me with the citation. It is the defense position that the report itself provides ample information regarding the bases of Mr. Kapelsohn's conclusions. Further, the information sought in paragraph 8 is work product which is specifically excluded pursuant to F.R.Cr.P. 16(b)(2)(A) (information not subject to disclosure includes "reports, memoranda, or other documents made by defendant, or the defendant's attorney **or agent**, during the case's investigation or defense.")

**9.** All raw data, statistics, scientific articles, or other notes of any kind relied on to form the basis of the expert opinions or to make factual statements contained in the report.

All of the data, statistics and scientific articles that form the basis of Mr. Kapelsohn's expert opinions are contained in his expert report.

**10.** A list of any individuals that Mr. Kapelsohn consulted to form the basis for the opinions or factual statements in the expert report and any notes or communications with such persons.

Mr. Kapelsohn did not consult with any other individuals to form the basis for the opinions or factual statements found in his expert report.

**11.** Written, video, PowerPoint, notes, speaking points, or other content of the trainings on OC spray use that Mr. Kapelsohn purported to have given in his report.

> Mr. Kapelsohn will search for any information that he has regarding his past training sessions, including videos, powerpoint and any handouts he may have provided to his audiences. He is searching for that information now. As soon as I am in possession of that information I will immediately forward a copy to you.

Respectfully submitted,

*Stacy Biancamano*

Stacy Biancamano, Esq.
Attorney for Defendant, John Grier III

Stuart Alterman, Esq.
Attorney for Defendant, John Grier III
