

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

PHILIP R. SELLINGER
*United States Attorney*

JASON M. RICHARDSON
*Assistant United States Attorney*

2018R00433

*Camden Federal Building & U.S. Courthouse*
*401 Market Street, 4th Floor*      856-757-5026
*Post Office Box 2098*
*Camden New Jersey 08101-2098*

October 3, 2024

Stuart J. Alterman, Esq.
Alterman & Associates, LLC
8 South Maple Avenue
Marlton, New Jersey 08053

Stacy A. Biancamano, Esq.
Biancamano Law
42 A North 20th Street
Kenilworth, New Jersey 07033

21-524 (JHR)

Re:   Plea Agreement with John Grier, III

Dear Counsel:

This letter sets forth the plea agreement between your client, John Grier, and the United States Attorney for the District of New Jersey ("this Office"). This offer will expire on October 4, 2023, if it is not accepted in writing by that date. If John Grier does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

Charge

Conditioned on the understandings specified below, this Office will accept a guilty plea from John Grier to a single-count Superseding Information, Criminal No. 21-524, which charges John Grier with depriving an individual of rights and privileges secured and protected by the Constitution and laws of the United States, in violation of 18 U.S.C. § 242. If John Grier enters a guilty plea and is sentenced on this charge and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges against John Grier related to his involvement in the deprivation of rights and falsification of records on or about June 18, 2017. In addition, if John Grier fully complies with this agreement, at sentencing, this Office will move to dismiss Counts 1 and 2 of the Indictment, Criminal No. 21-524, against John Grier. However, John Grier agrees that uncharged or dismissed counts should be taken into account as relevant conduct by the Court at the time of sentencing pursuant to U.S.S.G. § 1B1.2(c) or § 1B1.3(a).

If a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against John Grier even if the applicable statute of limitations period for those charges expires after John Grier signs this agreement, and John Grier agrees not to assert that any such charges are time-barred.

## Sentencing

The violation of 18 U.S.C. § 242 to which John Grier agrees to plead guilty carries a statutory maximum term of imprisonment of one year and a statutory maximum fine equal to the greatest of (1) $100,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. The term of imprisonment may run consecutively to any term of imprisonment John Grier is serving or is ordered to serve. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon John Grier is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence John Grier ultimately will receive.

Further, in addition to imposing any other penalty on John Grier, the sentencing judge as part of the sentence:

(1) will order John Grier to pay an assessment of $25 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2) must order John Grier to pay restitution pursuant to 18 U.S.C. § 3663 *et seq.*;

(3) pursuant to 18 U.S.C. § 3583 may require John Grier to serve a term of supervised release of not more than 1 year, which will begin at the expiration of any term of imprisonment imposed. Should John Grier be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, John Grier may be sentenced to not more than 1 year imprisonment in addition to any prison term previously imposed, regardless of the

statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

## Restitution

Pursuant to the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A, John Grier agrees to pay full restitution to the victim of the offense of conviction or from the scheme, conspiracy, or pattern of criminal activity underlying that offense in an amount that fully compensates the victim for the losses sustained as a result of those offenses.

## Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on John Grier by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of John Grier's activities and relevant conduct with respect to this case.

## Stipulations

This Office and John Grier will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a

particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A and the paragraph below, this Office and John Grier waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

## Immigration Consequences

John Grier understands that, if John Grier is not a citizen of the United States, John Grier's guilty plea to the charged offense will likely result in John Grier being subject to immigration proceedings and removed from the United States by making John Grier deportable, excludable, or inadmissible, or ending John Grier's naturalization. John Grier understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. John Grier wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause John Grier's removal from the United States. John Grier understands that John Grier is bound by this guilty plea regardless of any immigration consequences. Accordingly, John Grier waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. John Grier also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

## Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against John Grier. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against him.

No provision of this agreement shall preclude John Grier from pursuing in an appropriate forum, when permitted by law, a claim that he received constitutionally ineffective assistance of counsel.

<u>No Other Promises</u>

This agreement constitutes the entire plea agreement between John Grier and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PHILIP R. SELLINGER
United States Attorney

*[signature]*

By:   JASON M. RICHARDSON
      LINDSEY R. HARTEIS
      Assistant U.S. Attorneys

APPROVED:

*s/ R. Joseph Gribko*

R. JOSEPH GRIBKO
Assistant U.S. Attorney
Deputy, Chief, Civil Rights Division

I have received this letter from my attorneys, Stuart J. Alterman, Esq./Stacy A. Biancamano, Esq. I have read it. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, restitution, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____          Date: 10/5/23
John Grier, III

I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, restitution, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____          Date: 10/5/2023
Stuart J. Alterman, Esq.
Stacy A. Biancamano, Esq.
Counsel for Defendant

Plea Agreement With John Grier, III

Schedule A

1.  This Office and John Grier agree to stipulate to the following facts:

    a. On June 18, 2017, John Grier was working as a Bridgeton Police Officer thereby acting under color of law.

    b. On June 18, 2017, John Grier deprived the victim of his rights under the Constitution, the Fourth Amendment, by using unnecessary and unreasonable force.

    c. At the time of the offense, John Grier was a was a public official.

    d. As a result of John Grier's actions, the victim sustained bodily injury;

    e. John Grier has affirmatively accepted responsibility for his crime.

2.  If the sentencing court accepts the factual stipulation set forth above, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

3.  Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

    (a) Any proceeding to revoke the term of supervised release.

    (b) A motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

    (c) An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).